WATERMAN *against* VAN BENSCHOTTEN.

THIS was an action of *slander*, commenced in the court of common pleas of *Otsego* county, and removed into this court by *habeas corpus*, in which the plaintiff here recovered *ten* dollars damages only, and the recorder of *Albany* had taxed the costs at ten dollars.

If, in an ac-tion of *slander*, commenced in a court of *common pleas*, and re-moved into this court, by *habeas corpus*, the plain-tiff here reco-vers less than *fifty* dollars da-mages, he is en-titled to no more costs than damages. (1 *N. R. L.* 344, *Sess.* 36. *ch.* 96. *sect.* 37.)

*Starkweather*, for the plaintiff, applied for a re-taxation of the costs.

*Campbell*, contra.

*Per Curiam.* The motion must be denied. The *sixth* section of the act (1 *N. R. L.* 344.) declares, that in all actions of slander prosecuted in the supreme court, if the jury shall assess the damages under *fifty* dollars, the plaintiff shall recover no more costs than damages. There is no saving here, as is to be found in the *fourth* section, with respect to causes removed from inferior courts. It is probably a *casus omissus;* but as costs are only given by statute, we have no discretion to allow them against the express provision of the act; nor can we construe the word *prosecute* as applying only to such suits as are originally commenced in this court. The same word is used in the *fourth* section, yet the *saving* was deemed necessary as to causes removed from the courts of common pleas. Besides, the last proviso of the fourth section declares, that nothing contained in that section shall extend to certain actions mentioned, among which is that of slander; so that we must construe the sixth section by itself, or as if the fourth section had not been inserted in the act. If so, there can be no ground for any distinction between actions originally commenced here, and those removed from an inferior court by *habeas corpus.*

Motion denied.